UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRACY AND JULIE POWERS, in their own right and on behalf of K.P., a minor child, | File No. _____ |
| Plaintiffs, | Hon. _____ |
| v. | **DEMAND FOR JURY TRIAL** |
| LITTLE RAINBOWS, LLC, | |
| Defendant. | |
| _____/ | |

Michigan Protection & Advocacy Service, Inc.
Crystal M. Grant (P71488)
Chris E. Davis (P52159)
Attorneys for Plaintiff
4095 Legacy Parkway, Ste. 500
Lansing, MI 48911
Phone: (517) 487-1755
cgrant@mpas.org
cdavis@mpas.org
_____/

## COMPLAINT

Plaintiffs Tracy and Julie Powers, in their own right and on behalf of their minor daughter K.P.[1], bring this action against Defendant Little Rainbows, LLC for denying equal access to daycare services on the basis of their daughter's disability. K.P. has been diagnosed with Down Syndrome, a developmental disability. Defendant has conditioned K.P.'s continued attendance at the daycare upon payment of an additional $10.68 per hour for additional staffing. K.P. does not need one-on-one staffing. Her behavior is

---

[1] The minor child's name has been redacted and replaced with initials as allowed under Fed. R. Civ. P. 5.2(a)(3).

typical of other children her age. Defendant's conduct is discriminatory and violates Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182, 12188 et. seq., Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 et. seq., and the Persons with Disabilities Civil Rights Act ("PDCRA"), M.C.L. § 37.1101 et. seq. Plaintiffs are seeking appropriate declaratory relief, monetary damages and civil penalties.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law.

2. All of Defendant's actions complained of herein have taken place within the jurisdiction of the United States Court for the Eastern District of Michigan in the Southern Division. Venue is appropriate in this District pursuant to 20 U.S.C. § 1391.

3. Plaintiffs are seeking declaratory relief under 28 U.S.C. §§ 2201-2202.

4. This Court has pendent or supplemental jurisdiction over the state claims herein which arise from the same nucleus of facts as the Federal claims. 28 U.S.C. § 1367.

## PARTIES

5. Plaintiffs Tracy and Julie Powers are residents of Stockbridge, Michigan and bring this action in their own right and on behalf of their minor daughter K.P. who resides with them.

6. Defendant, Little Rainbows, LLC ("Little Rainbows"), operates a daycare center and preschool in Leslie, Michigan. Defendant is a limited liability company incorporated in Jackson, Michigan and maintains its principal business office at 4526 Blackman, Jackson, Michigan 49251 in the County of Jackson, Michigan.

## FACTS

7. K.P. is a four-year-old child who was born with Down Syndrome, a genetic condition in which a person has 47 chromosomes instead of the usual 46. At the time the allegations arose, K.P. was three years old.

8. Defendant operates a Head Start program and receives federal funding.

9. Mr. and Mrs. Powers entered into a Billing Contract ("Contract") for services with Little Rainbows on or about April 26, 2010. The Contract was renewed on February 18, 2011.

10. The most recent Contract provided for daycare services at the rate of $114.38 per week.

11. Defendant was informed of K.P.'s disability prior to her application to the daycare and again at the time of intake on or about April 26, 2010.

12. On February 18, 2011, Mrs. Powers signed a contract with Defendant agreeing to comply with all of the rules, policies and responsibilities outlined in the Parent Handbook provided by Defendant.

13. K.P. received services from Defendant from approximately April 26, 2010 through April 1, 2011 without one-on-one staffing.

14. On March 18, 2011, K.P. was not being watched closely by staff and wandered away from Defendant's property.

15. The Defendant's caregivers were unaware of K.P.'s absence and how long she was missing.

16. An unidentified person found K.P. walking down the center line in the middle of Olds Road as he was driving down the road. Olds Road is close to US-127, a highway with heavy traffic. The unidentified person pulled over and called the police.

17. A caregiver from the daycare center arrived shortly after the unidentified person arrived and before the police arrived.

18. On March 18, 2011, that same day, Director Allison Trapp issued three Employee Warning Notices to the caregivers on duty who were responsible for the supervision of K.P.

19. The Employee Warning Notices, dated March 18, 2011, indicated, "the child was not being watched closely and was put in the risk of danger."

20. As a result of these employee failures, Director Allison Trapp decided, on that same day, to impose one-on-one staffing for K.P..[2]

21. The requirement of one-on-one staffing was made without any discussion with Mr. and Mrs. Powers.

22. On April 1, 2011, Director Allison Trapp informed the Plaintiffs of her unilateral decision to impose one-on-one staffing as a requirement of K.P.'s attendance at an additional cost of $10.68 per hour to Mr. and Mrs. Powers.

23. The Plaintiffs never requested one-on-one staffing.

24. In violation of the Little Rainbows Parent Handbook, Little Rainbows did not hold a conference with the parents before imposing one-on-one staffing.

25. On April 6, 2010, the parents requested in writing that Defendant either drop the one-on-one staffing or spread the costs over all students.

---

[2] While Plaintiffs acknowledge that Defendant breached its duty of care, a claim of negligence is not being asserted in this action.

26. Director Allison Trapp refused to remove the one-on-one staffing as requested by Mr. and Mrs. Powers. The additional costs remained solely with the Plaintiffs forcing them to withdraw K.P. from the program.

27. On May 16, 2011, the Bureau of Children and Adult Licensing ("BCAL") found that Defendant violated Child Care Licensing Rules by failing to provide appropriate care and supervision on March 18, 2011.[3] BCAL did not indicate the K.P. needed one-on-one staffing.

28. K.P. has also attended Early Childhood Elementary School from September 2010 to the present. The elementary school does not require one-on-one staffing as K.P. does not need it.

## CLAIMS

### COUNT I - DISPARATE TREATMENT TOWARDS K.P. IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

29. Mr. and Mrs. Powers reallege and incorporate by reference every allegation contained in Paragraphs 1-28 of this Complaint.

30. K.P. is a person with a disability as defined by the ADA and its implementing regulations and is regarded as such. 42 U.S.C. § 12102(2); 28 C.F.R. § 36.104.

31. Little Rainbows is a place of public accommodation as defined in 42 U.S.C. § 12102(7)(c); 28 C.F.R. § 36.104.

32. Nothing in the ADA requires an individual with a disability to accept an accommodation, aid, service, opportunity, or benefit which such individual chooses not to accept. 42 U.S.C. § 12201(d); 28 C.F.R. § 35.130(b)(1).

---

[3] See Licensing Rules for Child Care Centers R 400.5105.

33. As a place of public accommodation, Little Rainbows has an obligation to refrain from discrimination on the basis of disability.

34. Little Rainbows has discriminated against K.P. on the basis of her disability by imposing one-on-one staffing at an additional cost of $10.68 per hour as a requirement of her attendance at their daycare center.

35. As a result a result of Defendant's discriminatory conduct, K.P. was denied full and equal enjoyment of services at Little Rainbows.

### COUNT II - DISCRIMINATION TOWARDS K.P. IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

36. Mr. and Mrs. Powers reallege and incorporate by reference every allegation contained in Paragraphs 1-35 of this Complaint.

37. K.P. is a person with a disability or handicap as defined by Section 504 and is regarded as such. 29 U.S.C. § 705(9); 34 C.F.R. § 104.3(j)(1).

38. Little Rainbows receives federal funding through its Head Start program and must comply with Section 504. 34 C.F.R. § 104.4.

> "Under Section 504, no individual with a disability, shall, solely by reason of her or his disability be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); 34 C.F.R. § 104.4(a).

39. Defendant's discriminatory conduct imposed additional costs as a condition of K.P.'s participation in their program based on her disability.

40. Defendant's conduct towards K.P. solely on the basis of her disability has denied K.P. the benefit of participating in a program receiving federal financial assistance in violation of Section 504.

### COUNT III - DISPARATE TREATMENT TOWARDS K.P. IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

41. Mr. and Mrs. Powers reallege and incorporate by reference every allegation contained in Paragraphs 1-40 of this Complaint.

42. K.P. is a person with a disability as defined by the PDCRA and is regarded as such. M.C.L. § 37.1103(D)(h).

43. Little Rainbows is a place of public accommodation as defined by the PDCRA. M.C.L. § 37.1301(a).

44. The PDCRA prohibits denying an individual:

> "[T]he full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations."
>
> M.C.L. § 37.1302(a).

45. Defendant imposed additional costs as a condition of K.P.'s participation in their program based on her disability.

### COUNT IV - DISPARATE TREATMENT TOWARDS TRACY AND JULIE POWERS IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

46. Mr. and Mrs. Powers reallege and incorporate by reference every allegation contained in Paragraphs 1-45 of this Complaint.

47. Plaintiffs' daughter K.P. is a person with a disability. Plaintiffs have a relationship and are associated with their daughter.

48. Plaintiffs have associational standing as permitted under the ADA. 42 U.S.C. § 12182(b)(1)(E).

49. Little Rainbows discriminated against Tracy and Julie Powers solely on the basis of their daughter's disability by imposing an unnecessary requirement as a condition of receiving services. This action denied equal daycare services to Tracy and Julie Powers.

50. The disparate treatment resulted in an additional cost to Plaintiffs and as a condition of K.P.'s attendance at Little Rainbows.

51. The disparate treatment, which arose from Little Rainbows staff failures on March 18, 2011, resulted in actual damages to Plaintiffs including increased costs for child care and feelings of humiliation, embarrassment, outrage and disappointment.

## COUNT V - DISCRIMINATION TOWARDS TRACY AND JULIE POWERS IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

52. Mr. and Mrs. Powers reallege and incorporate by reference every allegation contained in Paragraphs 1-51 of this Complaint.

53. Plaintiffs' daughter K.P. is a person with a disability. Plaintiffs have a relationship and are associated with their daughter.

54. Plaintiffs have associational standing as permitted under the Rehabilitation Act which provides:

> "The remedies, procedures and rights. . .shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794. 29 U.S.C. §794a(a)(2)."

55. As a result of Defendant's discriminatory conduct towards their daughter, Tracy and Julie Powers were denied a full and equal opportunity to participate in and benefit from a daycare program that receives federal funding.

56.     The discrimination, which arose from Little Rainbows staff failures on March 18, 2011, resulted in actual damages to Plaintiffs including increased costs for child care and feelings of humiliation, embarrassment, outrage and disappointment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Assume jurisdiction over this matter including pendent and supplemental state claims. 28 U.S.C. § 1367.

B. Order Defendant to enroll K.P. at Little Rainbows pursuant to the Contract dated February 18, 2011.

C. Order Defendant to remove the requirement of one-on-one staffing.

D. Grant Plaintiffs monetary damages, including compensatory damages, as provided by statute. 29 U.S.C. § 794a(a)(2); M.C.L. § 37.1606(1).

E. Award Plaintiffs any additional relief equitable and just, including attorney fees, litigation expenses and costs. 42 U.S.C. § 12205; 29 U.S.C. § 794a(b); M.C.L. § 37.1606(3).

## JURY DEMAND

Plaintiffs demand a trial by jury.


Respectfully submitted,

Dated: October 25, 2011         s/Crystal M. Grant
                                MICHIGAN PROTECTION &
                                 ADVOCACY SERVICE, INC.
                                4095 Legacy Pkwy., Suite 500
                                Lansing, MI  48911
                                (517)  487-1755
                                cgrant@mpas.org
                                P71488